

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONNELL GLENN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-272 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a state inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division at the Bill Clements Unit in Potter County, Texas, has filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" alleging he is being unlawfully confined by respondent. For the following reasons, petitioner's habeas application should be DENIED.

On September 27, 2005, petitioner was convicted of the offense of possession of a controlled substance (cocaine) out of the 39th Judicial District Court, Haskell County, Texas, and was sentenced to a 75-year term of imprisonment. *State v. Glenn*, No. 6060. On May 24, 2007, the Texas Court of Appeals for the Eleventh District affirmed petitioner's conviction on direct appeal. *Glenn v. State*, No. 11-05-00330-CR. On November 7, 2007, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Glenn v. State*, P.D.R. No. 924-07.

On August 25, 2008, petitioner filed an application for a state writ of habeas corpus.

Following a remand from the Texas Court of Criminal Appeals, the state trial court entered written findings of fact and conclusions of law recommending petitioner's state habeas application be denied. On February 11, 2009, the Texas Court of Criminal Appeals denied petitioner a state writ without a written order based on the trial court's findings without a hearing. *Ex parte Glenn*, No. 70,783-01.

On March 24, 2009, petitioner filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his Haskell County state conviction and sentence. On April 5, 2011, the federal district court denied petitioner a federal writ of habeas corpus and dismissed his case. *Glenn v. Thaler*, No. 1:09-CV-50 (Northern District of Texas, Abilene Division).

On September 2, 2015, petitioner placed the instant petition for federal habeas corpus relief under 28 U.S.C. § 2241 in the prison mailing system, said application being received and file-marked September 4, 2015. By his application, petitioner asserts he is in "custody without [a] judgment of a state court" because the "Texas Court of Criminal Appeals failed to reinstate Judgment and sentence."

By an accompanying memorandum, petitioner appears to argue that when the Texas Court of Criminal Appeals issued its "preliminary notice of intent to deny habeas corpus" on February 11, 2009, his underlying trial court judgment of conviction was "lawfully set-aside." Petitioner then argues the Texas Court of Criminal Appeals' failure to issue a mandate or a written order of denial, or reinstate petitioner's judgment, or issue a judgment to the trial court authorizing an order of re-commitment or remanding petitioner to custody or ordering his release, prior to February 26, 2009, the deadline for filing a motion for rehearing, resulted in the Court of Criminal Appeals losing jurisdiction over the habeas action while petitioner's trial court conviction was set-aside. Petitioner thus appears to contend there is no existing valid judgment of conviction under which he can be

confined, and that his continued custody amounts to slavery in violation of the Thirteenth Amendment. Petitioner contends he is entitled to "unconditional release" from custody and federal habeas corpus relief pursuant to 28 U.S.C. § 2241.

# I.
## SECTION 2241 V. 2254, TIME BAR, ABUSE OF THE WRIT AND SUCCESSIVENESS

Petitioner initiated this proceeding by filing a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241." Title 28 U.S.C. § 2241 confers jurisdiction generally when either a federal or a state court prisoner establishes he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(a), (c)(3). Title 28 U.S.C. §2254(a) applies more specifically to state court prisoners who are "in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). When a district court is analyzing a habeas claim of a *state* court prisoner, it is the *nature of the state court prisoner's confinement*, not the type of challenge, that determines which statute to apply, section 2241 or section 2254.

"Authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). So while section 2241 grants authority to district courts to consider state court prisoner's habeas claims, that authority is subject to the restrictions and limitations found in the more specific statutory provisions of section 2254 in cases <u>where the person is in custody pursuant to a State court judgment</u>. *Id.* at 662. Thus, section 2241 authority is limited by section 2254 authority for state prisoners who are in custody pursuant to a state court conviction and judgment. Section 2254 applies to all state

prisoners who are in custody pursuant to a state court judgment and allege their custody violates the Constitution or laws or treaties of the United States, and is not limited to prisoners who specifically attack the state court conviction and sentence they are serving. Since petitioner is in custody pursuant to a state court conviction and judgment, section 2254 applies to him, as well at the 1-year statute of limitation in 28 U.S.C. § 2244(d).

By his application, petitioner complains of events which occurred in 2009 to argue his current custody is in violation of the Constitution or laws or treaties of the United States. Such claims appear to be time-barred. Moreover, these claims could have been discovered prior to and raised in petitioner's first federal habeas application filed in 2009. As such claims were not asserted in petitioner's first federal application, the claims are now an abuse of the writ. Moreover, as petitioner has previously filed a federal application, this subsequent application is successive and subject to the requirement that petitioner obtain permission from the Court of Appeals for the Fifth Circuit to file said application prior to filing the application. As petitioner has not obtained the requisite permission, this Court is without jurisdiction to consider his application.

## II.
## NO MERIT TO PETITIONER'S ALLEGATIONS

Even if the petition is not successive and this Court has jurisdiction to consider it, petitioner's claims are without merit. Petitioner's state habeas application challenged his 2005 possession of a controlled substance with intent to deliver conviction and the resultant 75-year sentence. *In re Glenn*, No. 70,783-01. The state trial court entered Findings of Fact and Conclusions of Law finding petitioner's state habeas application was without merit, and that petitioner was lawfully restrained and confined. The trial court certified the habeas record and forwarded it to the Texas Court of Criminal Appeals, with that court receiving the records on January 26, 2009. On February 11, 2009, the Texas

Court of Criminal Appeals denied petitioner's state habeas application without written order based on the findings of the trial court without a hearing.

Petitioner's 2005 judgment and sentence was never "set-aside" or in any other way disturbed in the state habeas corpus proceeding. In fact, petitioner's judgment of conviction was not compromised in any way by the state habeas courts' actions or inactions in the underlying state habeas proceeding.

In petitioner's state habeas corpus proceedings, the Texas Court of Criminal Appeals, as permitted by statute, denied "relief upon the findings and conclusions of the hearing judge without docketing the cause" when it denied petitioner's state habeas application for writ of habeas corpus without written order. *Cf. Allen v. Cockrell*, 2003 WL 21946940 (N.D. Tex. June 26, 2003). The absence of a "judgment [entered by the Texas Court of Criminal Appeals] remanding the petitioner to custody" did not affect the validity of petitioner's state court conviction and sentence. Petitioner has not shown the judgment and sentence of the convicting court (the state trial court) are not valid and controlling. The action taken by the Texas Court of Criminal Appeals on February 11, 2009 denying petitioner's habeas corpus applications without written order was a final ruling or "final disposition" on the merits in petitioner's state habeas corpus proceeding. *Cf. Ex parte Santana*, 227 S.W.3d 700, 704 (Tex.Crim.App. 2007). A subsequent separate "written order" denying habeas relief was not necessary.

The Texas Court of Criminal Appeals was not required to issue "an order of re-commitment" or an order to "reinstate" petitioner's conviction or judgment. The Texas Court of Criminal Appeals, in reviewing petitioner's state habeas application, found petitioner was not entitled to habeas corpus relief and did not issue the writ. Instead, the court denied relief based on the findings of the state trial court. Petitioner's underlying state conviction was never set aside, therefore, no order of re-

commitment or order re-instating the conviction was required.

No separate mandate was required because the Texas Court of Criminal Appeals denied, rather than granted, habeas corpus relief. Petitioner has failed to show the Texas Court of Criminal Appeals was required to issue a separate mandate after denying relief in petitioner's collateral proceedings.

The Judgment and Sentence of September 28, 2005 has not been disturbed and remains intact and enforceable. By that Judgment and Sentence petitioner remains finally convicted of the offense of possession of a controlled substance with intent to deliver. Petitioner's seventy-five (75) year prison sentence is valid. Petitioner's claims are without merit and his application for a writ of habeas corpus should be DENIED.

Petitioner's contentions are not novel. This Court has seen either the exact or very similar arguments in other cases. As in those cases, petitioner's arguments are based upon his having misconstrued provisions of state statutes, the state constitution and state case law addressing direct appeal, collateral review, and instances where collateral review is granted and relief from a conviction or sentence is actually afforded pursuant to state habeas corpus proceedings. As in the other cases, this petitioner's reliance on such provisions is misplaced. The Court finds no irregularities in the state habeas proceedings, much less any irregularities affecting the validity of petitioner's conviction or sentence or the constitutionality of his confinement.[1] Petitioner's state conviction and sentence remain final, intact and enforceable.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

---

[1] Since petitioner challenges the state habeas proceedings themselves, it does not appear he has presented his arguments to the state courts but, instead, is presenting them for the first time to the federal courts. If so, his claims are also unexhausted.

District Judge that the petition for a writ of habeas corpus filed by petitioner DONNELL GLENN be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____ day of July 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).